IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES E. COOKE, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 11-030-LPS |
| | : | |
| SGT. MARY MOODY, et al., | : | |
| | : | |
| Defendants. | : | |

James E. Cooke, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

November 14, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James E. Cooke, Jr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff is housed at the HRYCI, awaiting retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, two counts of murder in the first degree, and resultant death sentence. *Cooke v. State*, 977 A.2d 803 (Del. 2009).

Plaintiff has filed numerous grievances. He alleges that Defendant Sgt. Mary Moody ("Moody"), grievance chairperson, does not respond to his grievances and denies his grievances as "non-grievable." Plaintiff alleges that on December 13, 2010, Ms. Minelle Young ("Young") wrote a fraudulent report stating that Plaintiff had engaged in sexual misconduct and that Defendant Mr. R. Charles ("Charles") conducted an improper investigation. Plaintiff alleges that Charles allowed his supervisor to approve a report that was not supported by facts. Plaintiff was sent to "the hole" for the write-up.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff appears to allege that Charles' alleged failure to properly investigate was retaliatory because Charles was mentioned in an incident report wherein he vouched for the acts of another correctional officer who allegedly assaulted Plaintiff on May 22, 2010.

Plaintiff sues Moody and Charles for conspiracy to deprive him of his rights. Plaintiff also sues Commissioner Carl Danberg ("Danberg") for endangering Plaintiff's life at the HRYCI. Plaintiff seeks compensatory damages.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content

allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Respondeat Superior

Plaintiff names Commissioner Danberg as a defendant, but other than the prayer for relief the Complaint contains no allegations referencing him. Hence, it appears that Plaintiff names Danberg based upon his supervisory position.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (citing *Iqbal*, 129 S.Ct. at 1948-49) (not published); *Rode*, 845 F.2d at 1207.

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

4

the Constitution." *Iqbal*, 129 S.Ct. at 1948. In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit – here masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 129 S.Ct. at 1949. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *See id.*

Under *pre-Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiffs' rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 127 n.5 (3d Cir. 2010) (internal quotation marks omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether

5

*Iqbal* requires narrowing of the scope of the test. *See Santiago*, 629 F.3d 130 n.8; *Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (stating in light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides sufficient basis to impose liability upon supervisory official). Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[2] *Williams v. Lackawanna County Prison*, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample*, 885 F.2d at 1117-18; *see also Iqbal*, 129 S.Ct. at 1949-54; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. Apr. 11, 2005) (not published).

---

[2]"Supervision entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

Plaintiff provides no facts describing how Commissioner Danberg allegedly violated his constitutional rights, that Commissioner Danberg expressly directed the deprivation of his constitutional rights, or that Commissioner Danberg created policies under which subordinates had no discretion but to apply them in a fashion which actually produced the alleged deprivation. Plaintiff has alleged no facts to support personal involvement by Commissioner Danberg. Accordingly, the Court will dismiss as frivolous all claims against Commissioner Danberg pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.     Grievances**

Plaintiff complains that Moody ignored and/or denied grievances he submitted. The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006) (not published). However, to the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, his claims fail because an inmate does not have a constitutionally protected right to a grievance procedure. *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. Apr. 27, 2009) (not published) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

It is clear from the allegations that Plaintiff was allowed to submit grievances. Plaintiff cannot maintain a constitutional claim based upon comments made to him, or his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the Court will dismiss the grievance claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Failure to Investigate

Plaintiff alleges that Charles conducted an inadequate investigation. There was no mandatory duty upon Charles to investigate the charges. *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. July 18, 2007) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973) (inmates failed to state claim against state officials for failing to investigate or prosecute civil rights violations). Accordingly, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

### D. Retaliation

Plaintiff alleges retaliation by Charles. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). Proof of a retaliation claim requires that Plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000).

Here, there is no claim of protected activity. Rather, Plaintiff claims that Charles was mentioned in an incident report and vouched for the actions of another correctional officer. Plaintiff's conclusory retaliation allegations are frivolous and the claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Conspiracy

Plaintiff alleges that Defendants engaged in a conspiracy. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions

taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him or her of constitutional right under color of law); *Kelley v. Myler*, 149 F.3d 641, 648-49 (7th Cir. 1998) (stating agreement or understanding to deprive plaintiff of constitutional rights must exist).

The allegations are conclusory. In addition, the Complaint does not contain sufficient allegations to indicate a deprivation of Plaintiff's constitutional rights or that Defendants reached an agreement to deprive Plaintiff of his constitutional rights. Therefore, the conspiracy claim will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.  CONCLUSION

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile.

An appropriate Order follows.